UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| UNITED STATES OF AMERICA, | ) | Case No.: CR 11-00145-S-EJL |
|---|---|---|
| Plaintiff, | ) | |
| | ) | MEMORANDUM ORDER |
| vs. | ) | |
| RAMON ARCINIEGA-MEDA, | ) | |
| Defendant. | ) | |

Before the Court in the above-entitled matter is the Defendant's Motion to Dismiss Indictment filed on July 22, 2011. The parties have filed responsive briefing and the matter is now ripe for the Court's consideration. Having fully reviewed the record herein, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, this Motion shall be decided on the record before this Court without oral argument.

MEMORANDUM ORDER - 1

**FACTUAL AND PROCEDURAL BACKGROUND**

On July 15, 1998, Immigration and Nationalization Service (INS) initiated deportation proceedings against Ramon Arciniega-Meda by issuing a Notice of Intent to Issue a Final Administrative Removal Order ("Notice of Intent"). (Dkt. 13-2, Ex. A.) The Notice of Intent stated Mr. Arciniega would be subject to expedited administrative removal proceedings based on the fact that he had been previously convicted on August 18, 1997 in the state of California of Transportation of Marijuana, which INS determined was an aggravated felony. The following day, INS issued a Final Administrative Removal Order based on the same conclusions as the Notice of Intent that ordered Mr. Arciniega to be removed from the United States. (Dkt. 13-3, Ex. B.) On August 7, 1998, Mr. Arciniega was deported to Mexico. (Dkt. 13-4, Ex. C.)

The Indictment filed in this case, on June 15, 2011, charges the Defendant Ramon Arciniega-Meda with Deported Alien Found in the United States in violation of 8 U.S.C. § 1326(a) and (b) stating:

> On or about May 26, 2011, in the District of Idaho, the defendant, Ramon Arciniega-Meda a/k/a Jose Ramon Arciniega-Meda, an alien, was found in the United States, to wit: Owyhee County, Idaho, after having been previously removed from the United States to Mexico on or about August 7, 1998, at or near Calexico, California, the said defendant having not obtained the consent of the Secretary of the Department of Homeland Security for reapplication for admission into the United States, in violation of Title 8, United States Code, Section 1326(a) and (b).

(Dkt. No. 1.) Following his arraignment, Mr. Arciniega filed the instant Motion to Dismiss collaterally attacking the underlying deportation order. The Motion contends Mr.

Arciniega's August 7, 1998 deportation, upon which this charged is based, violated his due process rights. (Dkt. 13.) The parties filed their briefing on the Motion as well as supplemental briefing in relation to additional documents the Government filed in the record. The Court has reviewed these materials and finds as follows.

## DISCUSSION

1. **Standard**

Mr. Arciniega brings his motion pursuant to § 1326(d). "Because the underlying removal order serves as a predicate element of an illegal reentry offense under § 1326, a defendant charged with that offense may collaterally attack the removal order under the due process clause." *United States v. Pallares-Galan*, 359 F.3d 1088, 1095 (9th Cir. 2004); *see also United States v. Ubaldo-Figueroa*, 364 F.3d 1042, 1047 (9th Cir. 2004) (citing *United States v. Mendoza-Lopez*, 481 U.S. 828, 837-38 (1987) (finding a prior deportation order cannot serve as a predicate for a subsequent prosecution under 8 U.S.C. § 1326 when the deportation proceedings giving rise to the order were fundamentally flawed)). "[U]nder 8 U.S.C. § 1326(d), a defendant may collaterally attack the underlying removal order by showing first, exhaustion of 'any administrative remedies that may have been available to seek relief against the order;' second, that 'the deportation proceedings at which the order was issued improperly deprived the alien of the opportunity for judicial review;' and third, that 'the entry of the order was fundamentally unfair.'" *United States v. Ramos*, 623 F.3d 672, 680 (9th Cir. 2010) (quoting 8 U.S.C. § 1326(d)); *see also Pallares-Galan*, 359 F.3d at 1095 (citing 8 U.S.C. § 1326(d)); *Ubaldo-Figueroa*, 364

MEMORANDUM ORDER - 3

F.3d at 1048.

As to the first and second requirements, the Court finds neither bars collateral review where, as here, Mr. Arciniega was not informed that he was eligible for relief from removal. *See United States v. Ortiz-Lopez*, 385 F.3d 1202, 1203-04 (9th Cir. 2004). Likewise, Mr. Arciniega was denied meaningful judicial review and denied his due process rights in the underlying deportation proceedings because he was not informed that he was eligible for the voluntary departure in lieu of removal. *See id*.; *Ubaldo-Figueroa*, 364 F.3d at 1049-50. Thus, the issue here turns on the third requirement, whether Mr. Arciniega can show the entry of the order was fundamentally unfair. *Ramos*, 623 F.3d at 680 (quoting 8 U.S.C. § 1326(d)).

"An underlying removal order is fundamentally unfair if an alien's 'due process rights were violated by defects in the underlying deportation proceeding,' and if 'he suffered prejudice as a result of the defects.'" *Ramos*, 623 F.3d at 680 (quoting *Pallares-Galan*, 359 F.3d at 1095); *see also Ubaldo-Figueroa*, 364 F.3d at 1048; *United States v. Garcia-Martinez*, 228 F.3d 956, 960 (9th Cir. 2000). To show prejudice, a defendant "must only show that he had a plausible ground for relief from deportation." *Ubaldo-Figueroa*, 364 F.3d at 1050 (internal quotation marks omitted).

The Government argues Mr. Arciniega cannot show the Notice of Intent and Order of Deportation were not deficient, fundamentally unfair, or that he was prejudiced because his prior conviction is an aggravated felony making him ineligible for voluntary departure. (Dkt. 16 at 5.) Mr. Arciniega argues the Notice of Intent and Order of Deportation violated his Due Process rights and he suffered prejudice as a result because they erroneously concluded that his prior conviction was an aggravated felony subjecting him to expedited administrative removal under 8 U.S.C. § 1228(b). (Dkt. 13 at 2-3.) Under the expedited administrative removal process an individual who has a prior aggravated felony is considered deportable without appearing before an immigration judge, having a hearing, and being advised of any other possible forms of relief to deportation. *See* 8 U.S.C. § 1228(b). This conclusion precluded him from having a deportation hearing where an immigration judge would have been advised of the voluntary departure option and, had he exercised it, he would not have a prior deportation on his record which makes up the § 1326 charge in this case. (Dkt. 13-1 at 10.)

Voluntary departure is precluded from only two classes of immigrants, "those involved in terrorism-related activity (not at issue here), and those ... convicted of an aggravated felony." *Ortiz-Lopez*, 385 F.3d at 1204 n. 3 (internal quotation marks omitted). Thus, the question here is whether Mr. Arciniega's Transportation of Marijuana conviction was an aggravated felony. If so, voluntary departure was unavailable to Mr. Arciniega in the underlying deportation proceedings and the use of the expedited administrative removal proceedings did not prejudiced Mr. Arciniega by precluding him

MEMORANDUM ORDER - 5

from exercise the voluntary departure option.

2.      **Whether the Prior Felony Was an Aggravated Felony**

An aggravated felony is defined in 8 U.S.C. § 1101(a)(43)(B) as: "illicit trafficking in a controlled substance (as defined in section 802 of Title 21), including a drug trafficking crime (as defined in section 924(c) of Title 18)." Section 924(c)(2) provides that "[f]or purposes of this subsection, the term 'drug trafficking crime' means any felony punishable under the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), or chapter 705 of title 46." This definition provides two options for a state felony to qualify as an aggravated felony: first, if the state crime "contains a trafficking element" and second, if the crime would be punishable under the Controlled Substances Act ("CSA"). *See Rendon v. Mukasey*, 520 F.3d 967, 974 (9th Cir. 2008). Whether the California state crime of Transportation of Marijuana is an aggravated felony is analyzed using either the categorical or modified categorical approach. *See United States v. Crawford*, 520 F.3d 1072, 1078 (9th Cir. 2008); *Taylor v. United States*, 495 U.S. 575 (1990).

To categorically qualify as an aggravated felony, the Court compares the elements of the California statute to the generic definition of a "drug trafficking" crime. *See Rendon*, 520 F.3d at 974 (describing the categorical and modified categorical approach). "If the statute of conviction criminalizes conduct that would not satisfy the federal definition of the crime at issue, then the conviction does not qualify as a predicate offense." *Pelayo–Garcia v. Holder*, 589 F.3d 1010, 1014 (9th Cir.2009). Here, Mr.

MEMORANDUM ORDER - 6

Arciniega was convicted of Transportation of Marijuana in violation of California Health and Safety Code § 11360 which provides:

> (a) Except as otherwise provided by this section or as authorized by law, every person who transports, imports into this state, sells, furnishes, administers, or gives away, or offers to transport, import into this state, sell, furnish, administer, or give away, or attempts to import into this state or transport any marijuana shall be punished by imprisonment in the state prison for a period of two, three or four years.

California Health and Safety Code § 11360(a).[1] Under the CSA it is a federal crime to knowingly or intentionally "possess with intent to manufacture, distribute, or dispense," marijuana. 21 U.S.C. § 841(a), (b)(1)(D).[2] Because the California statue includes both conduct that constitutes an aggravated felony and conduct that does not, the conviction does not satisfy the categorical approach for an aggravated felony. *See United States v.*

---

[1] Mr. Arciniega also plead no contest to Count Three charging Use and Control of a False Compartment with Intent to Store, Conceal, Smuggle, and Transport a Controlled Substance in Compartment in violation of California Code Section 11366.8(a). This charge was not listed on the INS the Notice of Intent as a basis for Mr. Arciniega being subject to the expedited Administrative Removal provisions of 8 U.S.C. § 1228(b). (Dkt. 13-2.)

[2] The Government argues the Defendant's conviction was punishable under the CSA. (Dkt. 16 at 9.) Marijuana is a controlled substance the possession of which is punishable under the CSA. *See* 21 U.S.C. §§ 841, 844(a). The maximum penalty for simple possession of a controlled substance under the CSA, however, is one year. *See* 21 U.S.C. § 844(a). As such, simple possession is not a felony under the CSA. *See United States v. Figueroa-Ocampo*, 494 F.3d 1211, 1214-16 (9th Cir. 2007) (finding "in the immigration context, a simple possession offense that is punishable as a felony under state law but a misdemeanor under federal law...is not to be considered as an 'aggravated felony' under section 1101(a)(43)(B).") (discussing *Lopez-Gonzales*, 549 U.S. 47 (2006)); *see also Ferreira v. Ashcroft*, 382 F.3d 1045, 1050 (9th Cir. 2004) (citing *United States v. Arellano-Torres*, 303 F.3d 1173, 1178 (9th Cir. 2002) (explaining that "[b]ecause one year is the maximum term of imprisonment authorized for a first-time offender of § 844 ..., simple possession is not 'punishable by more than one year's imprisonment under applicable ... federal law' ") (citations omitted)). Thus, the quantity of marijuana is determinative and the statutory language of § 11360 itself does not categorically fit within the federal crime.

*Almazan-Becerra*, 537 F.3d 1094, 1096 (9th Cir. 2008).[3] Therefore, in order to determine whether Mr. Arciniega's conviction under § 11360(a) qualifies as a drug trafficking offense, the Court applies the modified categorical approach. *Id.* (citing *Sandoval-Lua v. Gonzales*, 499 F.3d 1121, 1129-31 (9th Cir. 2007).

Under the modified categorical approach the Court looks to the record of the underlying conviction to narrow the specific conduct for which the defendant was convicted and "determine if the record unequivocally establishes that [Mr. Arciniega] was convicted of the generically defined crime [of drug trafficking], even if the statute defining [his] crime is overly inclusive." *United States v. Vidal*, 504 F.3d 1072, 1086 (9th Cir. 2007) (quoting *Martinez-Perez v. Gonzales*, 417 F.3d 1022, 1028 (9th Cir. 2005)). In making this determination the Court "may consider a limited number of judicially noticeable documents to determine whether, although the statute of conviction is overinclusive, the defendant was in fact convicted of the generically defined crime." *Almazan-Bezerra*, 537 F.3d at 1096. (internal quotations omitted). The court's review is "limited to examining the statutory definition, charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which [the defendant] assented." *Vidal*, 504 F.3d at 1086 (quoting *Shepard v. United States*, 544 U.S. 13, 16 (2005)); *Almazan-Bezerra* at 1097 (quoting *Shepard*, 544 U.S. at 16) (Generally, a court applying the modified categorical approach may "look only to the

---

[3] The parties agree the categorical approach does not apply. (Dkt. 13 and 16.)

MEMORANDUM ORDER - 8

'charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant has assented.'"). The Court may not "'look beyond the record of conviction itself to the particular facts underlying the conviction.'" *Id.* (citations omitted). The Supreme Court has cautioned that in applying the modified categorical approach, "any enquiry beyond statute and charging document must be narrowly restricted to implement the object of the statue and avoid evidentiary disputes." *Id.* at 1086 (quoting *Shepard*, 544 U.S. at 21). Where a defendant has stipulated during the plea colloquy that the police report contains a factual basis for the guilty plea, the court may also consider such report. *Almazan-Bezerra* at 1097.

The judicially noticeable documents available to the Court in this case are the language of § 11360(a), the charging documents, the Judgment, the Declaration Regarding Guilty Plea, and the transcripts from the Preliminary Hearing and Plea Hearing.[4] The Judgment of Conviction for Count One states the charge was for violation of § 11360(a) "Trans. Marijuana." (Dkt. 16-9, Att. 9.) The Criminal Complaint and Information both recite the language of § 11360(a). (Dkt. 16-1, Att. 1) (Dkt. 16-4, Att. 4.) The Declaration Regarding Guilty Plea ("Declaration") is the written plea document wherein Mr. Arciniega pleads no contest to the charge and indicates the "factual basis for

---

[4] After the instant Motion and responses were filed, the Government sought to supplement the record with the documents from the underlying conviction which the Court has allowed. Both sides have filed responsive briefing concerning the underlying record. After initially disputing whether the Preliminary Hearing Transcript was a judicially noticeable document, the parties now agree that the transcript from the preliminary hearing can be considered by this Court under the modified categorical approach as a judicially noticeable document. (Dkt. 24 at 1.)

MEMORANDUM ORDER - 9

my plea of GUILTY is stipulations People v. West." (Dkt. 16-6, Att. 6.) In this document, Mr. Arciniega initialed the requisite boxes to indicate he was appropriately advised of his rights and the maximum and minimum penalties. (Dkt. 16-6, Att. 6.) Little is revealed about the underlying factual basis for the conviction from these documents upon which the Court can find the conviction was for a drug trafficking offense.

Fortunately, the Court has the benefit of having both transcripts from the Preliminary Hearing and the Plea Hearing. The Court has reviewed both proceedings. At the Plea Hearing, Mr. Arciniega was shown the Declaration and read Count One of the Information charging the violation of § 11360(a). (Dkt. 20-7.) Mr. Arciniega plead no contest. (Dkt. 20-7.)[5] The factual basis for the plea presented by the state was the Preliminary Hearing transcript as well as the police reports. (Dkt. 20-7 at 8.) Mr. Arciniega, through his counsel, stipulated to the entry of the Preliminary Hearing transcript as such evidence. (Dkt. 20-7 at 9.) The Court also marked the Declaration as an exhibit.

The June 30, 1997 Preliminary Hearing Transcript, which makes up the factual basis for Mr. Arciniega's plea, details the circumstances surrounding the charge. (Dkt. 18-1.)[6] On May 13, 1997, a car in which Mr. Arciniega was a passenger was pulled over and

---

[5] The plea hearing held on August 18, 1997, was for both Mr. Arciniega and his co-defendant in that case, Adrian Barrera Cortinas. Mr. Cortinas also plead no contest to Counts one and three of the information.

[6] The Preliminary Hearing was also jointly held for both Mr. Arciniegas and his co-Defendant Mr. Cortinas.

MEMORANDUM ORDER - 10

searched. During the search, the officers discovered several secret compartments throughout the vehicle containing multiple packages of marijuana; in all the officers recovered fifty-one pounds of marijuana from multiple packages found in the compartments. (Dkt. 20-7 at 2) (Dkt. 18-1.) The officer testified, based on his training and experience, given the amount and manner in which the marijuana was found in the vehicle, the marijuana was possessed for purposes of resale. Mr. Arciniega stipulated to this transcript as the factual basis for his plea. Upon receiving this transcript into evidence at the Plea Hearing, the state court found there to be a factual basis for the plea. This Court finds these facts establish the underlying conviction was for a drug trafficking crime punishable under the CSA. *See* 21 U.S.C. § 841.

Mr. Arciniega, however, argues the judicially noticeable facts only permit the conclusion and unequivocally establish that his 1997 conviction was for transportation of marijuana, not drug trafficking or any other aggravated felony. (Dkt. 24 at 3.) He maintains the plea colloquy makes it "unmistakably clear that the only crime he plead no contest to with respect to Count One was transportation of marijuana" in violation of § 11360 which requires only that 1) the defendant transported marijuana and 2) the defendant knew of its presence and illegal character. (Dkt. 24 at 2) (quoting *People v. Busch*, 113 Cal. Rptr.3d 683, 687 (Cal. App. 3d Dist. 2010)). This is confirmed, Mr. Arciniega argues, by the Judgment which shows he plead no contest to and was convicted of only "Trans. Marijuana." (Dkt. 13-5, Ex. D.)

The Government, on the other hand, argues the judicially noticeable documents are

MEMORANDUM ORDER - 11

"sufficient to establish that Mr. Arciniega plead guilty to transporting [fifty-one] pounds of marijuana for resale, which is a drug trafficking crime and an aggravated felony." (Dkt. 16 at 2) (Dkt. 23 at 6.) In particular, the Government relies on to the Preliminary Hearing Transcript wherein the officers testified the fifty-one pound quantity was not a personal use amount but intended for resale. (Dkt. 16 at 2.)

The Court finds the Plea Hearing Transcript to be telling. There, Mr. Arciniega plead no contest to the charge of Transportation of Marijuana in violation of § 11360(a). (Dkt. 20-7.) Mr. Arciniega did not plead to any particular amount of marijuana and neither the Information, Declaration, nor Plea Hearing Transcript refer to a particular amount of marijuana. Mr. Arciniega did, however, stipulate to the factual basis for the no contest plea as being the Preliminary Hearing Transcript as well as the police reports. (Dkt. 20-7 at 8.) At the Preliminary Hearing the officers testified that the amount of drugs found in the vehicle, fifty-one pounds, and the manner in which they were found was, in their experience, consistent with possession for resale. Based on these stipulated facts upon which the state court found Mr. Arciniega to be guilty, this Court finds the record unequivocally establishes that the underlying conviction was for a drug trafficking crime.

Mr. Arciniega maintains he did not plead to any charge other than transportation and, therefore, the Court cannot consider whether he could have been convicted under one of the other statutory phrases in § 11360 such as selling or giving away marijuana. (Dkt. 24 at 3.) Further, Mr. Arciniega argues that because his plea was made pursuant to *People v. West*, he did not stipulate to the entirety of the Preliminary Hearing Transcript as being true. (Dkt. 24 at 4-5.) All he stipulated to, he asserts, was that the transcript satisfied the elements of the offense to which he was pleading, Transportation of Marijuana, nothing more. (Dkt. 24 at 4.)

The Government counters that Mr. Arciniega's no contest plea was in the conjunctive, as read from the Information by the state court judge at the Plea Hearing, such that his plea "equates to a guilty plea and he admitted all of the elements in the charging document." (Dkt. 23 at 5.) The Government asserts Mr. Arciniega's stipulation at the Plea Hearing is an admission of fact as to all of the facts contained therein; including the discovery of fifty-one pounds of marijuana which amount is consistent with transportation for resale. (Dkt. 23 at 5-6.) The fact that the plea was entered as no contest, the Government argues, is of no matter as the legal effect of such plea is the same and facts stated in the conjunctive are taken as true. (Dkt. 23 at 4-5.) Here because the charge in Count One of the Information included the sale and giving away of marijuana, the Government argues Mr. Arciniega's no contest plea was an admission to all of the elements of the charging document. (Dkt. 23 at 5.)

The Government argues the facts in this case warrant the same conclusion reached

MEMORANDUM ORDER - 13

in *United States v. Almazan-Bezerra*. (Dkt. 16 at 7-10.) *Almazan-Becerra*, is an illegal reentry case where the Ninth Circuit found it proper for the district court to consider police reports, to which the defendant had stipulated, in finding the defendant's prior conviction of selling marijuana under § 11360(a) was a drug trafficking offense. *United States v. Almazan-Becerra*, 537 F.3d 1094, 1095 (9th Cir. 2008). The court concluded the defendant's stipulation to the factual basis for his guilty plea as court documents allowed the district court to consider those stipulated documents in determining the elements of the prior conviction. *Id.* Those documents, the court concluded, showed the defendant's prior conviction was a drug trafficking offense. So too here, the factual basis underlying Mr. Arciniega's plea to which he stipulated establishes unequivocally that the crime was for a drug trafficking offense. Fifty-one pounds of marijuana were located in secret compartments within the vehicle in which Mr. Arciniega was traveling. The officer testified in their training and experience that such a quantity and the manner in which it was hidden indicated the drugs were possessed for resale and/or distribution.

Mr. Arciniega, on the other hand, likens this case to *United States v. Vidal* where the Ninth Circuit concluded the prior conviction for unlawful driving or taking of a vehicle did not qualify as an aggravated-felony theft offense under either the categorical or modified categorical approach. (Dkt. 24 at 3-5) (discussing *United States v. Vidal*, 504 F.3d 1072 (9th Cir. 2007)). There the defendant had entered a *People v. West* plea which the court stated "does not establish factual guilt." Because the documents failed to establish the factual predicate for the modified categorical analysis, the court found the

MEMORANDUM ORDER - 14

conviction did not fall within the generic theft offense. *Id*. at 1088. In likening this case, Mr. Arciniega relies heavily on the fact that his plea of no contest was made as a *People v. West* plea; arguing only those facts making up the elements of the charge can be considered.

The Court finds this case to be distinct from the situation presented in *Vidal*. In *Vidal* the court did not have a record upon which to determine the defendant had admitted to facts establishing the requisite factual predicate to support finding the conviction was an aggravated felony. *Vidal*, 504 F.3d at 1089. In this case, the factual basis for the underlying conviction to which Mr. Arciniega stipulated unequivocally establishes that the underlying crime contained a drug trafficking element. That Mr. Arciniega's plea was of no contest pursuant to *People v. West* does not change the fact that he stipulated to the factual basis contained in the Preliminary Hearing Transcript. *See United States v. Smith*, 390 F.3d 661, 665 (9th Cir. 2004).

Where a defendant pleads guilty or no contest he or she admits the elements of the offense for which he or she is convicted. *See People v. West*, 477 P.2d 409, 420 (Cal. 1970). The charge in Count One of the Information as read to Mr. Arciniega at the Plea Hearing tracked the inclusive statutory language of § 11360(a) which punishes anyone "who transports, imports into this state, sells, furnishes, administers, or gives away, or offers to transport, import into this state, sell furnish, administer, or give away, or attempts to import into this state or transport any marijuana." *See* § 11360. Mr. Arciniega's stipulation to the factual basis at the Plea Hearing was not made conditionally

MEMORANDUM ORDER - 15

or limited in any fashion. *See Smith*, 390 F.3d at 665 ("[w]hen a defendant pleads guilty (or as here, pleads *nolo contendere*, to facts stated in the conjunctive, each factual allegation is taken as true.") (citation omitted).[7] Because Mr. Arciniega stipulated to the facts from the Preliminary Hearing as making up the basis for the charge and it was upon those facts which the state court found him guilty, this Court may properly consider those facts here under the modified categorical approach.

In doing so, this Court concludes the facts of conviction stipulated to by Mr. Arciniega in the Preliminary Hearing Transcript establishes unequivocally that the underlying conviction was a drug trafficking offense. Therefore, Mr. Arciniega's 1997 conviction would have precluded him from exercising the voluntary departure option and his due process rights were not violated during his deportation proceeding. The Motion to Dismiss is denied.

---

[7] The Court is aware of the case law concluding that where the record contains only the charging document and the judgment, the fact that the indictment merely recites the language of the statue is not enough to satisfy a modified categorical analysis. *See Young v. Holder*, 634 F.3d 1014, 1021-22 (9th Cir. 2011) (discussing *Vidal*, 504 F.3d at 1074-88). This case differs from those cases because the underlying record contains more than just the charging document and the judgment. Here, the Court has evidence of the specific facts underlying the plea as Mr. Arciniega stipulated to the factual basis as contained in the Preliminary Hearing and Plea Hearing Transcripts.

**ORDER**

Based on the foregoing and being fully advised in the premises, the Court HEREBY **DENIES** Defendant's Motion to Dismiss (Dkt. 13). The trial in this matter is set for **Tuesday, January 10, 2012 at 9:30 a.m. in Boise, Idaho**.

DATED: **December 7, 2011**

Honorable Edward J. Lodge
U. S. District Judge